UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ROBERT H. ROTERING M.D.,

                Plaintiff,

    -against-                               07 cv 2598 (GBD)

HON. DAMIAN AMODEO in his official capacity    ORDER
as Judge of the Dutchess County Family Court,
JOHN & JANE DOES 1-200 being all New York
State Family Court Judges in their official
capacities,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
GEORGE B. DANIELS, District Judge:

      By complaint dated March 16, 2007, plaintiff commenced this 42 U.S.C. § 1983 action, on behalf of himself and others similarly situated, against the Honorable Damian Amodeo in his official capacity as a Judge of the Dutchess County Family Court and all New York State Family Court judges in their official capacities. Plaintiff alleges that Justice Amodeo violated plaintiff's constitutional rights when, by Decision and Order dated September, 4, 2003, Justice Amodeo denied plaintiff's April 8, 2003 petition as custodial parent seeking to relocate with his four children from Beacon, New York to Fargo, North Dakota.

      By Decision and Order dated April 26, 2004, the New York State Appellate Division, Second Department affirmed Justice Amodeo's order. By Decision and Order dated April 28, 2006, plaintiff's motion for Leave to Appeal to the New York State Court of Appeals was denied by the Appellate Division. On September 21, 2006, the New York State Court of Appeals denied plaintiff's application for leave to appeal.

      In his complaint, plaintiff alleges that "In New York State it is the custom and policy of Defendant Amodeo and Defendants as family court judges to apply <u>Tropea v. Tropea</u>, 642

N.Y.S.2d 575, (1996) when deciding relocation petitions." (comp. ¶ 19) Plaintiff contends that the state court decision in <u>Tropea</u> does not provide a constitutional standard of review. By this federal lawsuit, plaintiff seeks a declaration that Justice Amodeo's September 4, 2003 Decision and Order, and the acts, customs and policies of other defendant Family Court Judges in applying the New York State Court of Appeals opinion in <u>Tropea</u> are unconstitutional. Plaintiff also seeks a permanent injunction prohibiting New York State Family Court judges from applying the holding in <u>Tropea</u>. Plaintiff further requests an award of attorneys fees, costs and expenses.

Defendants move to dismiss the complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). They argue that the motion to dismiss should be granted upon the grounds that: (1) the proceeding is barred by the applicable statute of limitations; (2) this federal Court lacks subject matter jurisdiction over plaintiff's claims pursuant to the <u>Rooker-Feldman</u> doctrine, the domestic relations exception; the doctrine of absolute judicial immunity, and the Eleventh Amendment of the United States Constitution; and (3) the alleged facts are insufficient to state a claim against Justice Amodeo pursuant to 42 U.S.C. § 1983.

Based upon all grounds asserted by defendants, the defendants' motion to dismiss is granted. This action is dismissed.

Dated: September 12, 2007
      New York, New York

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge